IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILSON'S TRUCKING, LLC,

    Plaintiff,

v.                                                 Civil No. 24-1053-BAH

GREAT WEST CASUALTY COMPANY,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Wilson's Trucking, LLC ("Wilson's Trucking") filed a self-represented handwritten complaint in the Circuit Court of Maryland for Baltimore County detailing an alleged hit and run on a company truck by an insured of Defendant Great West Casualty Company ("GWCC"). ECF 3.[1] GWCC removed the action to this Court pursuant to 28 U.S.C. § 1446 based on diversity jurisdiction. ECF 1. Wilson's Trucking is proceeding here—as it was in the state court—without counsel. The complaint is written in first-person narrative and is signed by someone who appears to be named Julius Wilson. ECF 3, at 2. After removing the action to this Court, GWCC moved to dismiss the complaint. ECF 6 (motion); ECF 6-1 (memorandum in support). Wilson's Trucking did not respond and has not otherwise filed anything in this case. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, GWCC's motion to dismiss is **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

I. **BACKGROUND**

These facts are taken from Wilson's Trucking's handwritten complaint and must be taken as true for the purposes of the motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The complaint alleges that on November 25, 2023, at around 9:00 a.m., a Wilson's Trucking company truck was parked at a truck stop in Baltimore, Maryland. ECF 3, at 1. Julius Wilson[2] arrived at the truck stop around 11:00 a.m. and noticed that the truck was damaged. *Id.* A person named "Kris" then told Julius Wilson that she witnessed "the entire accident" and "tried to stop the driver but he fled off." *Id.* She gave the tag and trailer number of the vehicle that hit the Wilson's Trucking vehicle to Julius Wilson, who then "did [his] research and found the owner of the trucking company that hit [his] truck." *Id.* Julius Wilson then filed a police report and a claim with the insurance information he obtained. *Id.* After an insurance adjuster "did an investigation for 2.5 months," GWCC "den[ied his] claim because [the adjuster] said the driver said he did not hit [his] truck" and because there "was no dam[a]ge to the trailer." *Id.* Julius Wilson "tried to explain to [the adjuster] that those trailer[s] are a high grade metal and you wouldn't see any damages." *Id.* According to Julius Wilson, the adjuster refused to "us[e] eye witness testimony," but "never told [Julius Wilson] the reason why." *Id.* at 2.

The complaint alleges that "the financial burden this accident has caused [Julius Wilson] and [his] family is catastrophic." *Id.* He explains that he is "currently unemployed, looking for a job, [] is about to be homeless, [his] business is gone[,] and [he] has no income . . . ." *Id.* He also details mental and emotional strain as a result of the incident. The complaint seeks "a year's pay with 20% interest and pain and suffering," which amounts to $199,250.00—$164,250.00, which

---

[2] Since the complaint is written in first-person singular narrative and is signed by Julius Wilson, the Court assumes that the first-person pronouns refer to Julius Wilson, even though he is not named as a plaintiff. *See generally* ECF 3.

2

appears to be "one year's pay," plus $35,000.00, which appears to correspond to damages sought for pain and suffering. *Id.*

GWCC argues that Wilson's Trucking has failed to state a claim upon which relief can be granted. ECF 6. Preliminarily, GWCC advances that dismissal is appropriate because "a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel." ECF 6-1, at 1 n.1. More substantively, "Plaintiff's [c]omplaint fails to identify any counts or causes of action," *id.* at 6, and "Plaintiff has not alleged, nor could Plaintiff allege, that GWCC was in any way responsible for the operation of the vehicle that allegedly damaged Plaintiff's vehicle," *id.* at 4–5. Further, GWCC argues that "Maryland law does not permit the Plaintiff to proceed by filing a direct action against a liability insurer for the purpose of resolving the Plaintiff's negligence claims against an insured." *Id.* at 5 (citing *Harford Mut. Ins. Co. v. Woodfin Equities Corp.*, 687 A.2d 652 (Md. 1997)).

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747

(4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III.   ANALYSIS

As an initial matter, entities other than individuals, like Wilson's Trucking, a limited liability company, may not appear pro se either in Maryland circuit courts or in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (4th Cir. 1998) ("[A]lmost every court to address this issue has held that a corporation may not appear pro se but must be represented only by duly licensed counsel."); *Bluefeld v. Annuity Assocs., Inc.*, No. 1113, 2025 WL 303761, at *3 (Md. App. Jan. 27, 2025) ("By Rule, any person [which includes corporations and LLCs under Md. Rule 1-202(v)] other than an 'individual' must be represented by an attorney in both the circuit court and the appellate courts of Maryland." (citing Md. Rules 2-131(a), 8-402(a))); Loc. R. 101.1(a) ("All parties other than individuals must be represented by counsel."). While failure to obtain counsel is grounds for dismissal of the complaint, *see Evans v. S.C. Pub. Charter Sch. Dist.*, No. 24-1000, 2024 WL 3565524, at *1 (4th Cir. July 29, 2024) (affirming dismissal of complaint for failure of a corporation to obtain counsel), this Court has not previously warned Wilson's Trucking of the requirement to obtain counsel. The Court will therefore proceed to the merits of the claim.

While the complaint does not specify the cause of action Wilson's Trucking brings, it is clear that the action is one to recover damages against an alleged tortfeasor's insurer. *See generally* ECF 3. Under Maryland law, while "it is not necessary that there be a final judgment against an

4

insured tortfeasor, much less an execution on the judgment, before an injured claimant may bring an action against the tortfeasor's liability insurer," *Harford Mut. Ins. Co.*, 687 A.2d at 659, "a tort claimant may not maintain a direct action against the defendant tortfeasor's liability insurer until there has been a determination of the insured's liability in the tort action," *Washington Metro. Area Transit Auth. v. Queen*, 597 A.2d 423, 425–26 (Md. 1991). At the same time, Maryland law *does* permit an injured plaintiff to bring a declaratory judgment action against an insurer "in advance of a determination of liability in a tort suit, . . . when the issues in the declaratory judgment action are independent and separable from the claims of the tort claimant[.]" *Harford Mut. Ins. Co.*, 687 A.2d at 658 (alteration in *Harford Mut. Ins. Co.*) (quoting *Washington Metro.*, 324 597 A.2d at 426 n. 6).

Here, the requested relief in the complaint suggests that Wilson's Trucking seeks damages for the underlying alleged tort, not for any declaratory judgment of the insurance coverage between GWCC and its unnamed insured and alleged tortfeasor. *See generally* ECF 3. The complaint does not allege any facts from which the Court could discern a negligence action against GWCC. *See Howard v. Amica Mut. Ins. Co.*, Civ. No. 22-662-PWG, 2022 WL 17552534, at *2 (D. Md. Dec. 9, 2022) (dismissing a direct action against a tortfeasor's insurer where plaintiff "failed to allege the duty owed to her by [the insurer], how [the insurer] breached that duty, or how that breach caused the damages for which she seeks recovery"), *aff'd*, No. 22-2321, 2023 WL 4888856 (4th Cir. Aug. 1, 2023). Because the complaint seeks to litigate the tort liability by bringing suit directly against the alleged tortfeasor's insurer, it must be dismissed as it does not state a claim for which the Court can grant relief. *Cf. Constructure Mgmt., Inc. v. Berkley Assurance Co.*, Civ. No. GLR-16-0284, 2017 WL 818717, at *7 (D. Md. Mar. 2, 2017) (denying insurer's motion to dismiss where plaintiff sought "declaratory relief only to determine policy coverage"); *Palmer v. Audi of*

*Am., Inc.*, Civ. No. GJH-14-03189, 2015 WL 222127, at *3 (D. Md. Jan. 13, 2015) (denying insurer's motion to dismiss where plaintiff "did not bring suit against Defendants to resolve their tort liability; rather, she sought a declaratory judgment to resolve an insurance policy coverage dispute"). The Court recognizes that Julius Wilson has alleged that the November 23, 2023 incident, and its aftermath, have caused him to suffer a financial loss and emotional distress. While this reality is unfortunate, the Court is constrained to dismiss the claim because the complaint legally fails to state a claim upon which relief can be granted.[3]

## IV.   CONCLUSION

For the foregoing reasons, GWCC's motion to dismiss, ECF 6, is GRANTED. A separate implementing order will issue.

Dated: February 5, 2025                                     /s/
                                                             Brendan A. Hurson
                                                             United States District Judge

---

[3] The action will be dismissed without prejudice to the extent that Wilson's Trucking, through counsel, can bring a tort action against the unnamed tortfeasor and declaratory judgment claim against GWCC to determine the tortfeasor's coverage.